## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **ANTHONY RENTIE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09-CV-0302-CVE-PJC** |
| | ) | |
| **ENTERPRISE MANUFACTURING, LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### OPINION AND ORDER

Now before the Court is Plaintiffs' [sic] Motion in Limine and Brief in Support (Dkt. # 31).

Plaintiff Anthony Rentie alleges that his former employer, defendant Enterprise Manufacturing, LLC

(Enterprise) discriminated against him on the basis of his race, subjected him to a hostile work

environment, and retaliated against him.  He brought claims for violation of Title VII of the Civil

Rights Act of 1964, 42 U.S.C. §2000 et seq., 42 U.S.C. § 1981, and intentional infliction of

emotional distress.  The case is set for jury trial on June 28, 2010.  On June 1, 2010, the Court

entered an Opinion and Order (Dkt. # 46) granting summary judgment in Enterprise's favor on

Rentie's intentional infliction of emotional distress claim.

Rentie seeks an order preventing Enterprise from directly or indirectly referring to or

introducing evidence of his felony convictions from 1993 and 1995 at trial.  Dkt. # 31.  He argues

that they are not relevant and that their probative value is substantially outweighed by the danger

of unfair prejudice.  Dkt. # 31, at 4-5.

**I.**

Rentie was convicted in 1993 for possession of a firearm, felonious pointing of a deadly weapon, and possession of a controlled substance.  Dkt. # 31-2, at 2.  He served three concurrent two-year terms of imprisonment on those charges.  He was convicted in 1995 of assault and battery with a dangerous weapon.  Id. at 4.  He served a four and one-half year term of imprisonment on that charge, and was discharged from custody on August 20, 1999.  Id. at 4-5.

Rentie alleges that, among others, Gerry Thompson made racially discriminatory comments while employed at Enterprise.  Rentie and Gerry Thompson knew each other prior to Rentie's employment at Enterprise because the two men spent time in prison together. Gerry Thompson was convicted of felony drug trafficking.  Dkt. # 35-7, at 9.

**II.**

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show conformity therewith.  It may, however, be admissible for other purposes, such as proof of intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b).  There are four requirements for admissibility under Rule 404(b): "[t]he evidence of other crimes, wrongs or acts must be introduced for a proper purpose, must be relevant, must have probative value that is not substantially outweighed by the potential for unfair prejudice; and, on request, the trial court must give a jury instruction limiting the evidence to the proper purpose." United States v. Hardwell, 80 F.3d 1471, 1488 (10th Cir. 1996); see also Chavez v. City of Albuquerque,, 402 F.3d 1039, 1046 (10th Cir. 2005).

Enterprise argues that evidence of Rentie's prior felony convictions is relevant to show three things.  First, it argues that Rentie served time in prison with Gerry Thompson, one of the Enterprise

employees who allegedly used racially derogatory language in Rentie's presence. Second, it argues

that Rentie's convictions are relevant to Mark Mitchell's proffered reason for terminating Rentie:

that Rentie threatened him. Third, it argues that Rentie's convictions are relevant to the issue of

damages and Rentie's inability to find employment after being terminated from Enterprise.

Rentie's relationship with Gerry Thompson, including the fact that they knew each other

from prison, is certainly relevant to the issues in this case. However, the precise nature of Rentie's

and Thompson's convictions is not relevant to their relationship; only the fact that they were in

prison together is relevant.

Enterprise's attempt to use Rentie's prior felony convictions to show that he, in fact,

threatened Mitchell is a classic attempt to "prove the character of a person in order to show

conformity therewith." Fed. R. Evid. 404(b). However, Mitchell's knowledge of Rentie's prior

convictions of violent felonies is relevant to Mitchell's reaction to the alleged threat, and to

Enterprise's argument that Rentie was terminated for a legitimate, nondiscriminatory reason.

Enterprise may introduce evidence that Rentie had been convicted of at least one violent felony to

show that Mitchell believed that Rentie was threatening him, and that Mitchell was afraid.

Evidence of Rentie's felony criminal record may be also relevant to his failure to mitigate

damages (which is an issue to be tried to the jury) and his claim for front pay (which is an issue to

be decided by the Court).

At the pretrial conference, the parties were encouraged to stipulate to the use of Rentie and

Gerry Thompson's prior felony convictions at trial. Such stipulation should include the facts that

Rentie and Gerry Thompson knew each other from prison, that Mitchell knew that Gerry Thompson

had a prior felony conviction, and that Mitchell knew that Rentie had at least one prior violent felony

conviction. The Court will also give a limiting instruction to the jury that evidence of prior convictions cannot be used to show that either witness acted in conformity therewith or to attack each witness's character for truthfulness. Given such a stipulation and limiting instruction, the Court finds that the probative value of the fact that Rentie spent time in prison with Gerry Thompson and the fact that Rentie had been convicted of at least one violent felony is not substantially outweighed by the risk of unfair prejudice.

The Court need not resolve the issue of whether Rentie's or Thompson's convictions are more than ten years old under Fed. R. Evid. 609, because such convictions will not be admissible in this case to attack either witness's character for truthfulness.

**IT IS THEREFORE ORDERED** that Plaintiffs' [sic] Motion in Limine and Brief in Support (Dkt. # 31) is **granted in part** and **denied in part**.

**DATED** this 2nd day of June, 2010.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT